UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MAHMUD ABOUHALIMA,

                              Movant,

                                                                              20-cv-834(LAK)
                                                                              (93-cr-180 (LAK))

               -against-


UNITED STATES OF AMERICA,

                              Respondent..
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


## MEMORANDUM AND ORDER


LEWIS A. KAPLAN, *District Judge*.

               Movant was convicted of multiple felony counts in connection with the 1993 World
Trade Center bombing, including two counts charged under 18 U.S.C. § 924(c), Counts Nine and
Ten.  He ultimately was sentenced (on resentencing) principally to concurrent terms of 580 months'
imprisonment on all but the Counts Nine and Ten and to thirty years' imprisonment on each of those
counts.  The sentences on Counts Nine and Ten were made consecutive to each other and to the 580
month terms on the remaining counts.  *United States v. Salameh*, 261 F.3d 271, 275 (2d Cir. 2001).[1]
The predicate offense for Count Nine was assault on a federal official in violation of 18 U.S.C. §
111, as charged in Count Eight.  The predicate offense for Count Ten was conspiracy to destroy
buildings in violation of 18 U.S.C. § 371.

               In June 2016, movant moved for permission to file a second or successive motion
under 28 U.S.C. § 2255(h).  On January 29, 2020, the Second Circuit granted movant's motion [DI
933], which challenges his convictions on Counts Nine and Ten. [DI 934.][2]  Movant argues that the

---

[1]    "At resentencing, Judge Duffy sentenced each defendant (1) on Counts 1-6 & 8, to a sentence
designed to be one month short of life expectancy, (2) on Counts Nine and Ten (the § 924(c)
counts), to two consecutive additional 30-year sentences, (3) on the miscellaneous counts (7,
11, 12), to additional concurrent sentences, (4) to a $250,000 fine, and (5) to $250 million in
restitution. The exact prison time imposed under Counts 1-6 & 8 varied among the defendants
according to their ages. The total sentences were as follows: Salameh 1,403 months,
Abouhalima 1,300 months, Ayyad 1,405 months, and Ajaj 1,378 months."

[2]    All docket references are to 93-cr-180.

predicate offenses are not "crimes of violence" under *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Johnson* invalidated 18 U.S.C. §924(e)(2)(B), which contained language similar to that in 18 U.S.C. § 924(c), under which movant was convicted.

Since movant filed his Section 2255 motion, the Supreme Court in *United States v. Davis*, 139 S.Ct. 2319 (2019), held that the Section 924(c)(3)(B) "risk of force" or "residual" clause is unconstitutionally vague. In light of *Davis*, the Second Circuit in *United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019), vacated a defendant's conviction under Section 924(c)(3)(B) for conspiracy to commit Hobbs Act robbery. The Circuit's decision did not alter that defendant's convictions under 924(c)(3)(A), known as the "force" or "elements" clause, which were predicated on substantive Hobbs Act offenses. The force clause defines a "crime of violence" as a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

Movant's argument on Count Nine is based on Section 111(a)'s definition of assaulting a federal officer, which criminalizes, among physical acts of violence, intimidating a federal officer. He argues that since Section 111(a) may be violated by intimidation, Section 111(a) cannot be construed as a crime of violence under Section 924(c)(3)(A) nor can it cannot constitute a crime of violence under Section 924(c)(3)(B) after *Johnson* (and *Davis*).

In a prior order, the Court held that the predicate offense (as charged in Count Eight) for movant's co-defendants' convictions on Count Nine was Section 111(b), and that assaulting a federal officer in violation of this subsection is a "crime of violence" under Section 924(c)(3)(A)'s elements clause. [DI 941 at 2.] This conclusion applies to movant's conviction as well. Accordingly, Count Eight remains a valid predicate offense to support movant's conviction on Count Nine.

Movant's co-defendants have challenged their Count Nine convictions on an additional ground based on the trial court's jury instructions. [*See* DI 931, 948.] At trial, the court instructed that movant and his co-defendants could be convicted on Count Eight on a *Pinkerton* theory of liability. In light of this, movant's co-defendants contend that the jury was not required to find that they assaulted a federal officer, the crime of violence, and instead could have convicted them based on the co-defendants' membership in the conspiracy. In other words, they argue that their convictions on Count Eight were effectively – or at a minimum, could have been – conspiracy convictions. Since a defendant's own use of violent physical force is not an element of the offense of conspiracy, they argue, their convictions on Count Eight do not satisfy Section 924(c)(3)(A)'s requirement that the predicate offense "has as an element the use, attempted use, or threatened use of physical force against the person or property of another[.]" Accordingly, they argue that Count Eight is not a valid predicate offense for Count Nine.

Movant did not make this argument in his Section 2255 petition. Nor did he submit a supplemental letter adopting this argument following the denial of his motion to consolidate his motion with those of his co-defendants. [DI 940.] Even if movant had challenged his conviction on the *Pinkerton* theory, his argument would fail.

The government contends that movant is procedurally barred from now raising a *Pinkerton* argument and, in any event, that the argument fails on the merits.

When a challenge to conviction is not raised on direct appeal, a defendant is prohibited from doing so in a Section 2255 petition unless he demonstrates "(1) cause for the procedural default and ensuing prejudice or (2) actual innocence." *Thorn v. United States*, 659 F.3d 227, 231 (2d Cir. 2011). Cause may be shown where a claim was "so novel that its legal basis [was] not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984).

When movant filed his direct appeal more than twenty years ago, a conspiracy to commit a "crime of violence" itself was a "crime of violence" under Section 924(c)(3). *See United States v. Patino*, 962 F.2d 263, 267 (2d Cir. 1992). Even after the Supreme Court's decision in *Johnson*, the Second Circuit in 2018 upheld the constitutionality of Section 924(c)'s residual clause. *See United States v. Barrett*, 903 F.3d 166, 175 (2d Cir. 2018), *abrogated by Untied States v. Davis*, 139 S.Ct. 2319 (2019). It was not until 2019, nearly two decades after movant filed his direct appeal, that *Davis* and *Barrett* were decided. Accordingly, movant has shown cause and prejudice and thus is not procedurally barred from raising this claim.

However, this claim fails on the merits. As the government argues, the *Pinkerton* instruction does not transform movant's conviction for assaulting a federal official into a conspiracy to do so. Movant could have been convicted on Count Eight for a *substantive* violation of Section 111 in either of two ways. First, the jury could have convicted on the theory that the defendant himself assaulted a federal official. Second, it could have convicted him on the theory that he was a member of the conspiracy and that the assault was reasonably foreseeable.[3] *See Pinkerton v. United States*, 328 U.S. 640, 645-47 (1946). As the Second Circuit concluded, "the government presented more than enough evidence from which the jury could have concluded beyond a reasonable doubt that Abouhalima was a knowing member of the conspiracy and was guilty, *either directly or on a Pinkerton theory, on all of the substantive counts* with which he was charged." *United States v. Salameh*, 152 F.3d 88, 155 (2d. Cir. 1998) (emphasis added). Accordingly, movant was convicted of *substantive* assault on a federal officer in Count Eight, not of a *conspiracy* to assault a federal officer. The *Pinkerton* instruction thus does not implicate Section 924(c)(3)(B)'s residual clause. *See United States v. Blanco*, 19-1680, DI 59 at 3 n.2 (2d Cir. June 5, 2020).

In light of *Davis* and *Barrett*, the government consents to vacatur of movants's conviction on Count Ten. [DI 946 at 1 n.3.]

Accordingly, movant's motion to vacate his conviction [93-cr-180, DI 934; 20-cv-834, DI 1] is granted as to Count Ten and denied as Count Nine. The Court will enter an amended judgment reflecting this ruling.

---

[3] The Second Circuit upheld the court's *Pinkerton* instruction on direct appeal. *United States v. Salameh*, 152 F.3d 88, 150 (2d. Cir. 1998).

4

      A certificate of appealability is denied and the Court has concluded than any appeal from this order would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

      SO ORDERED.

Dated:      June 17, 2020

                                  Lewis A. Kaplan
                            United States District Judge