

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 13, 2020

**BY CM/ECF**

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Mahmud Abouhalima*
                **93 Cr. 180 (LAK)**
                **20 Civ. 834 (LAK)**

Dear Judge Kaplan:

      The Government respectfully submits this letter opposing Defendant Mahmud Abouhalima's *pro se* motion under Federal Rule of Civil Procedure 59(e) (Civil Docket No. 9) to alter or amend the amended judgment of conviction entered by the Court on July 17, 2020 (Docket No. 962). In his motion, the defendant argues that his sentence for using and carrying a destructive device in furtherance of a crime of violence, in violation of Title 18, United States Code, Section 924(c) (Count Nine) should be vacated. Specifically, the defendant argues that: (1) Section 403(a) of the First Step Act entitles the defendant to a sentence below the mandatory minimum sentence of 30 years' imprisonment; and (2) the defendant failed to receive notice that he would be subjected to two separate penalties for his convictions for assaulting a federal officer, in violation of Title 18, United States Code, Section 111 (Count Eight), and using and carrying a destructive device in furtherance of a crime of violence, in violation of Title 18, United States Code, Section 924(c) (Count Nine). For the following reasons, the defendant's motion should be denied.

      *First*, the defendant's argument that he is entitled to relief under the First Step Act completely misses the mark. Section 403(a) of the First Step Act amends 18 U.S.C. § 924(c)(1)(C), which relates to the mandatory minimum penalties that apply to defendants with prior § 924(c) convictions. Under the new language, the 25-year mandatory minimum in § 924(c)(1)(C)(i) and the mandatory life sentence in § 924(c)(1)(C)(ii) do not apply unless the defendant has a prior § 924(c) conviction that became final before the defendant's current § 924(c) violation. But the First Step Act did not change the 30-year mandatory minimum that applied to the defendant for using and carrying a destructive device in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(B). As a result, the First Step Act has no bearing on the defendant's § 924(c) conviction.

Hon. Lewis A. Kaplan
August 13, 2020
Page 2

In any event, the First Step Act also does not apply retroactively to the defendant's sentence. The default rule for any criminal statutory amendment is that any reduced penalties only apply to offenses *committed* after the statute is enacted. *Dorsey v. United States*, 567 U.S. 260, 272-73 (2012) 272-73; 1 U.S.C. § 109. Congress can change that default rule, and it did so here, but very narrowly. The First Step Act's amendments to Section 924(c) apply to some offenses committed before the Act was signed into law, but *only* "if a sentence for the offense has not been imposed as of" the date of the Act's enactment, December 21, 2018. FSA § 403(b). Because the defendant was sentenced before that date, the First Step Act clearly does not apply to him. Even if the defendant argued that the Court's amended judgment constituted a resentencing—which it was not—the First Step Act's amendments to Section 924(c) also do not apply to defendants initially sentenced before the Act was passed but resentenced afterwards. *See United States v. Hodge*, 948 F.3d 160, 163 (3d Cir. 2020); *see also United States v. Cruz-Rivera*, 954 F.3d 410, 413 (1st Cir. 2020).

*Second*, the defendant is wrong that he failed to receive notice that he would be subjected to two separate penalties for his convictions for assaulting a federal officer, in violation of Title 18, United States Code, Section 111 (Count Eight), and using and carrying a destructive device in furtherance of a crime of violence, in violation of Title 18, United States Code, Section 924(c) (Count Nine). The defendant claims that the Court failed to provide notice that it would construe his convictions in Count Eight and Count Nine as "one statute" and "one offense." (Civil Docket No. 9 at 2). But the Court did nothing of the sort. Rather, the Court's Order simply found that the defendant's conviction for Count Eight—assault on a federal officer—is a valid predicate offense to support the defendant's conviction for Count Nine. Nowhere did the Court suggest that the penalties for Count Eight and Count Nine would merge or otherwise become one offense for purposes of the defendant's motion under 28 U.S.C. § 2255.

For these reasons, the Court should deny the defendant's *pro se* motion under Federal Rule of Civil Procedure 59(e) to alter or amend the Court's amended judgment of conviction on July 17, 2020.

        Respectfully submitted,

        AUDREY STRAUSS
        Acting United States Attorney for the
        Southern District of New York

By:   /s/ Andrew K. Chan
        Andrew K. Chan
        Assistant United States Attorney
        (212) 637-1072

cc:     Mahmud Abouhalima (by mail)